100 So.2d 385 (1958)
George C. COMERFORD, Appellant,
v.
Joseph R. CHERRY and Aleese S. Cherry, Appellees.
Supreme Court of Florida.
January 31, 1958.
Rehearing Denied March 6, 1958.
*386 Will A. Nason, West Palm Beach, for appellant.
Robert D. Tylander, West Palm Beach, for appellees.
DREW, Justice, and PARKS, Circuit Judge.
The County Judge of Palm Beach County, after hearing the testimony of the parties, appointed Joseph R. Cherry and his wife, Aleese S. Cherry, guardians of the person and property of William Chester Comerford, Jr., and James Russell Comerford, minor sons of William Chester Comerford, deceased. The guardians are the maternal grandparents of the children, whose mother predeceased their father. Upon appeal the circuit court affirmed the order of the county judge and this appeal from his judgment was duly taken by George C. Comerford, paternal uncle of the minors, who was named guardian of the children in the last will and testament of his brother, the father of the children.
The will of William Comerford executed about one week before his death, provided:
"Third: I do hereby nominate, constitute and appoint my brother, George E. Comerford, to be the legal guardian, and have the custody of my two minor children hereinabove named."
*387 This will was duly admitted to probate on December 15, 1954. By the will appellant was also appointed executor, and trustee of a trust for the boys during their minority. The executor qualified and was issued letters testamentary. The regularity of the proceedings is not questioned.
On December 17, 1954, the grandparents petitioned the county judge for appointment as guardians of the persons and property of the children. They alleged their relationship to the boys, ages five and four years; that the boys were beneficiaries under the testamentary trust from which income should be derived; that the boys were residing with their paternal grandmother (mother of appellant) and prayed their appointment as noted.
Appellant moved to dismiss the petition on the ground that he had been appointed guardian of the boys by the will of his deceased brother, as set forth supra. The motion was denied on January 11, 1955. On January 31, 1955, the uncle petitioned the county judge that he be appointed guardian of the person and the property of the boys. He alleged his relationship; the boys' residence in his household; his appointment as guardian of the persons and the property of the children by will; his appointment as executor and his possession of all assets of the estate except a few cattle, alleged to be in possession of appellees.
It will be noted that neither the grandparents nor the uncle alleged that the other was not qualified to act by reason of unfitness or for any other reason which might affect the general welfare and proper upbringing of the children.
The cause came on for hearing before the county judge on the petition of the grandparents and the counter petition of the uncle. The record shows that a prior will of decedent, executed about six weeks before his death and five weeks before the probated will, was received in evidence, by which decedent named appellee, Aleese S. Cherry, executrix of his estate and provided that she, or anyone she should name, should be guardian or guardians of the boys during their minority and trustee of the estate assets for their benefit.
The record of the evidence is not brought here on this appeal.
The pertinent part of the order of the county judge appointing the maternal grandparents guardians of the persons and the property of the minors is:
"* * * after having heard testimony on the question as to who should be appointed as guardian of said minors and having given due consideration to the appointment of one of the next of kin of said minors and likewise to any person designated as guardian in any will in which the said minors are beneficiaries, the court finds that said children are minors who own property in this state and that it is necessary for a guardian or guardians to be appointed for the person and property of such children; and that it is to the best interest and welfare of said children that Joseph R. Cherry and Aleese S. Cherry be guardians of the person and property of said minors; and that the said Joseph R. Cherry and Aleese S. Cherry are qualified and competent to act as guardians of said minors * * *"
Appellant advances one point for determination which is that the "appointment" of a testamentary guardian of the person of a minor is binding upon the court until such guardian becomes disqualified.
Appellees contend that in addition to the above point there are presented others which in sum are: (1) Did the county judge, under the facts outlined above, abuse his discretion; (2) Is it necessary to remove a "testamentary guardian" who has not qualified by procuring an order of the county judge appointing him? In other words, does the will of itself convey any power to act upon the testamentary guardian, or must his authority come from the county judge by his recognition and approval of the "testamentary guardian", evidenced *388 by an order formally appointing him.
The circuit court, in affirming the county judge, held that a guardian receives his power from the order of the county judge rather than from the will, that the county judge has discretion in the appointment, and that the "appointment" by will is not binding upon the county judge (citing F.S. 1955, §§ 744.33, 744.34, 744.35, 744.10, F.S.A.).
On the record it appears that this case presents to the Court for interpretation two provisions of the Florida guardianship law enacted as Chapter 22750, Laws of 1945, said act being a complete overhaul of our statutory law on the subject. These two provisions are F.S. §§ 744.14 and 744.35, F.S.A. The first reads as follows:
"F.S. 744.14. Testamentary guardian. A surviving father or a surviving mother may by will name a guardian for the person of his or her minor child to serve during such child's minority or any part thereof. Such guardian shall be subject to the provisions of law in the same manner as other guardians."
"F.S. 744.35. Preference in appointment. In the appointment of a guardian the county judge shall give due consideration to the appointment of one of the next of kin of said incompetent who is a fit and proper person and qualified to act, and likewise to any person designated as guardian in any will in which the incompetent is a beneficiary. The county judge may in his discretion appoint any person who is qualified to act as guardian, whether related to the ward or not."
Appellant concedes that under the provisions of Sec. 744.14, supra, a testator has no power to appoint a guardian of the property of a minor. By its specific terms, which are free of any ambiguity, the statute confers on a surviving parent the right to name a guardian of the person only.
This leaves the question of whether, as a matter of law, the county judge, under the provisions of Sec. 744.35, supra, has the power in the exercise of his discretion to appoint some other qualified person to act as guardian of the person of the minor, notwithstanding the provisions of the will. There is no issue of fact before the Court since the testimony heard by the county judge was not made a part of the record.
The legislature defined certain pertinent words in the guardianship law:
(1) "A `guardian' is one to whom the law has entrusted the custody and control of the person or of the property or of both, of an incompetent. * * *" (F.S. § 744.03[1], F.S.A.)
(2) "An `incompetent' is any person who, because of minority, senility, lunacy, insanity, imbecility, idiocy, drunkenness, excessive use of drugs or other physical or mental incapacity, is incapable of either managing his property or caring for himself, or both." (F.S. § 744.03[5], F.S.A.)
(3) "A `testamentary guardian' is one appointed for the person of a minor child by the will of its parent." (F.S. § 744.03[4], F.S.A.)
Considered in the light of these definitions the language of Sec. 744.35, quoted supra, would seem to lead to the following conclusions. This statute applies to both guardians of the person and guardians of the property. The legislature was careful to designate specifically a guardian as being a guardian of the person or guardian of the property when specific provisions of the act apply solely to one type or the other. See Secs. 744.38, 744.48, 744.49, 744.50, 744.51, 744.52, and Chapter 745, F.S. 1955, F.S.A.
Section 744.35, supra, applies to all classes of incompetents, the incompetency of infancy being only one. This statute is broad in scope, and lays down certain guides for the county judge in the exercise of his discretion whenever he is called upon to act under its provisions, whatever the nature of the incompetency, and in many cases the incompetent will be an adult.
*389 Appellant argues that if a county judge must only give consideration to the "testamentary guardian" in making the appointment, along with the next of kin, then Sec. 744.14 becomes meaningless because, if so interpreted, a surviving parent in fact does not have the power to "appoint" a guardian of the person of a minor child by will. He contends that such testamentary appointment is binding on the court, until it is alleged and proved that the guardian named in the will is unfit or unable to act. He further contends there was no such allegation or proof. The record shows there was no such allegation, but the evidence is not made a part of the record. There is presented initially, however, an issue as to the propriety of the order denying appellant's motion to dismiss the original petition for lack of such allegations.
This Court has not been called upon to pass on this precise situation.
Appellees rely solely on the statutes, particularly Sec. 744.35, and contend that when a surviving father or mother by will "names" a guardian for a minor child, this designation serves only as a "guide" to the county judge, in whom is vested the actual power of appointment under the provisions of this section. They contend that this is clear because the testamentary guardian statute provides that "such guardian shall be subject to the provisions of law in the same manner as other guardians" and the preference in appointment statute (744.35) directs the county judge to consider "any person designated as guardian in any will in which the incompetent is a beneficiary." While it seems clear to us, as above stated, that the last cited section covers appointment of guardians of both property and person by the county judge, this would not preclude the creation of testamentary guardianships of the person under Sec. 744.14, supra. The entire Sec. 744.35 having specified applicability to appointments by the court as opposed to appointments by a testator, the quoted language would encompass only the situation where a testator, lacking power to appoint a guardian of property, might yet indicate his preference by "designating" a person to so serve; or, similarly, where a will names a guardian for an incompetent (other than a minor) to whom the testamentary guardianship provision does not apply. The fact that the statutory direction under consideration is limited to cases involving wills "in which the incompetent is a beneficiary" would further indicate that this particular clause relates to guardianships involving property interests, and not to testamentary guardianships of the person. The stated applicability of this and other sections to guardians appointed by the court would also eliminate any problem arising from the language quoted from Sec. 744.14, supra, and leave testamentary guardians subject to the provisions of the law "in the same manner as other guardians" after appointment.
Florida has by statute provided for testamentary guardians since 1828. The first statute gave the father power to appoint a guardian by deed or will, but limited the guardian to an exercise of power over the person only. It was subsequently amended to give the guardian power over the person and the property. In 1921 the legislature by Chapter 8478, Laws of 1921, gave the father and mother equal status as to power of appointment, and provided for the naming of both guardians of the person and the property in the will of the surviving parent. This statute remained in effect until 1945 when Sec. 744.14 was enacted. The three prior statutes were worded differently from our present statute. The 1828 statute provided in part that "such appointment (by deed or will) shall give the guardian the same powers over the child as is and shall be directed by law."
This Court, in the case of Thomas v. Williams, 9 Fla. 289, said:
"* * * we think, from its peculiar wording, the Legislature intended that one person should be guardian of the person and another of the estate of the minor; and if one person is guardian of both, he, in such cases as the one under consideration, derives one by appointment *390 of the father, (guardian of the person) the other by appointment of the court (guardian of the property)."
The cases of McGriff v. Leonard, 83 Fla. 695, 93 So. 179, 181, dealt with the 1828 statute as amended, which gave the guardian "power over the child and over the property of the child" and subjected him "to the same liability as in the case of other guardians." (Sec. 3964, R.G.S.) In this last cited case this Court held that a statute authorizing the appointment of a testamentary guardian did not authorize a testator to confer upon such guardian power to sell and convey property of the ward irrespective of controlling statutes governing the property of minors generally, and any attempt to extend by last will and testament the power of a guardian of the person beyond the provisions of the statute was inoperative. In other words, appellant's contention that this Court recognized the right of the testator to appoint guardians of the person by will in both cases supra has some merit, but a study of these cases shows that in both the question presented was the power of a testamentary guardian over the property of the ward. In both, this Court held that the power over property was controlled by the applicable statutes. It should also be noted that a study of these cases reveals that no attack on the right of a testamentary guardian to qualify in the first instance was made, as in the case now before us, and the question is therefore one of first impression in this jurisdiction.
Testamentary guardians being unknown to the common law and creatures of statute only, there is a wide divergence of opinion in other jurisdictions as to the function and power of the probate courts when guardians are appointed by will. These opinions range all the way from the view that such appointment is without legal standing until the guardian is appointed by the court, to the view that a testamentary appointment ousts the jurisdiction of the Court. See 39 C.J.S. Guardian and Ward § 13, p. 24.
Our legislature saw fit to define a "testamentary guardian" as one "appointed" by will. F.S. § 744.03(4), F.S.A. Finding no inconsistency between this definition and the other provisions of the law here brought into question, we think that whatever may be required of a testamentary guardian in the way of qualification before the court, he derives his powers by appointment of the testator and not by appointment of the court.
The courts have always seen to it that the property of a testator was received by those whom the testator intended. The upbringing of minor children is a matter which concerns every thoughtful human being more vitally than the disposition of his worldly possessions when he has passed on. No person is in a position to know as well who should have the custody of children as the surviving parent. They are his flesh and blood. He has observed them throughout their lives. By daily contact he knows their temperaments and habits, and by observation he knows those who have evidenced the greatest interest in his children, and those whose moral and spiritual values are in his judgment conducive to the best interests of his children. A judge treads on sacred ground when he overrides the directions of the deceased with reference to the custody of his children.
Accordingly, the issue before the court, upon petition by a third party for appointment as guardian of the person, is not one for the exercise of its free discretion vel non as in the choice of a guardian in the first instance, but rather involves the propriety of an ouster. We are of the opinion, therefore, that the motion by appellant to dismiss a petition entirely lacking any allegations in this respect should have been granted to the extent that it attacked the sufficiency of appellees' petition for appointment as guardians of the persons of the minor wards, and the burden placed upon the moving parties to overturn the testamentary *391 guardianship by proper allegation and proof. F.S. §§ 746.03, 746.04, F.S.A.
This Court has, of course, consistently held that the welfare of the child is the final test in determining who should ultimately be appointed guardian or given custody. In Marshall v. Reams, 32 Fla. 499, 14 So. 95, the Court stated that it is the benefit and welfare of the infant to which the attention of the Court should be directed; that its welfare is the "pole star" by which courts are guided in all such cases, whether the contention be between father and mother or between them and a third person or between others. We conclude that this sound rule applies equally to testamentary guardians.
The judgment appealed from is affirmed in part and reversed in part, and the cause remanded for the entry of an order in conformity with the principles above stated.
TERRELL, C.J., and THOMAS and THORNAL, JJ., concur.