344 So.2d 270 (1977)
In re The Matter of Deena Theresa CASTRO, a Minor, incompetent by reason of Minority.
In re the Matter of Kimberly Ann CASTRO, a Minor, Incompetent by Reason of Minority.
Nos. 76-261, 76-262.
District Court of Appeal of Florida, Fourth District.
March 25, 1977.
Rehearing Denied April 25, 1977.
John B. DiChiaro, Bruno L. DiGiulian, of DiGiulian, Spellacy, Bernstein, Lyons & Sanders, Fort Lauderdale, for appellant.
Steadman S. Stahl, Jr., of Varon, Stahl & Kay, P.A., Hollywood, for appellee.
DAUKSCH, Judge.
This is an appeal of an Order appointing a guardian of the property of two minors. We reverse.
The two female children, ages four and six, were born of the marriage of Bernard Castro, Jr., and Julie Ann Castro. The children have always lived with their parents, and have lived with their mother alone since the death of their father. They are in good health and evidently enjoy a good relationship with their mother.
Upon the death of their father, the children inherited a large estate which stemmed from their grandparents, Mr. and Mrs. Bernard Castro, Sr. The grandfather filed two petitions for appointment of a guardian for the property of incompetents. Based on those petitions the lower court appointed an attorney as guardian, despite the mother's petition for her own appointment, and it is from that order that the mother appeals.
*271 This matter is aggravated by the fact that the mother is alleged to have killed the father; she refused to answer any questions on deposition except as to her name, age and date of birth. Yet there was no evidence of the mother's lack of qualification to act as the guardian of the estate, nor was there any evidence of the qualification of the person appointed except that he was known by the trial court to be a most respected attorney. The court found in regard to the mother that "she is not the proper person to be the guardian of the property of the children because she does have a conflict with these children" but found, "she is a fit and qualified person" and said, "I see nothing wrong in the probate being filed and the mother named as the personal representative of the estate because that is what the law provides, so long as she has not been convicted of a crime, or a number of other things that have not been shown."[1]
The applicable statutory law is found in Sections 744.301 and 744.312, Florida Statutes (1975). The next of kin who is a fit and proper person, qualified to act, should be given preference by the court for appointment as guardian. When the statutes are considered along with the case of Comerford v. Cherry, 100 So.2d 385 (Fla. 1958), we find that a court has only limited discretion in the appointment of a guardian of the person or property: It must appoint in accordance with the statute, giving first consideration to next of kin and probably primarily to the parents of minors. That was not done here. We hold that the trial court erred when it found the mother fit and qualified but decided that since a potential conflict existed another person should be appointed. That was a drastic measure when we consider the age of these children, who live with their mother, and the statutory requirements for terminating a guardianship. See Section 744.474, Florida Statutes (1975). In the event that a legal conflict is shown to arise between mother and children in the future, a guardian ad litem might then be appointed. Section 744.391, Florida Statutes (1975).
The Order of appointment is reversed and this cause remanded for entry of an order of appointment of Julie Ann Nordstrom Castro as guardian of the property of Deena Theresa Castro and Kimberly Ann Castro and to fix the amount of guardian's bond pursuant to Section 744.351, Florida Statutes (1975).
REVERSED and REMANDED.
MAGER, C.J., and ALDERMAN, J., concur.
NOTES
[1] The mother is the administratrix of the estate of the decedent.