396 So.2d 1217 (1981)
In re GUARDIANSHIP OF Amalia QUINDT.
Wilhelmina Quindt THORPE, Appellant,
v.
Marguerite LARSEN, Appellee.
No. 80-1636.
District Court of Appeal of Florida, Third District.
April 21, 1981.
A.N. Spence, Coral Gables, for appellant.
Hendricks & Hendricks and Robert A. Hendricks, Coral Gables, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
The appellant, Wilhelmina Quindt Thorpe, is the daughter of 97-year-old Amalia Quindt, who was declared an incompetent by the Dade County circuit court. She claims error in an order which denied her petition for appointment as Mrs. Quindt's guardian and granted the competing petition of a neighbor of the ward, Marguerite Larsen. We find, however, that the court did not abuse its discretion in making the appointment under the controlling terms of Section 744.312, Florida Statutes (1979).[1] *1218 While the next of kin are given first consideration by Section 744.312(2)(a), the statute does not mandatorily require that such an appointment be made. To the contrary, the statute specifically provides that "[t]he court may appoint any person who is qualified ... whether related to the ward or not." The record in this case provides ample justification  including Mrs. Quindt's personal enmity towards her daughter, her expressed wishes "as to who shall be appointed," which must be considered under Sec. 744.312(3)(a), and Ms. Larsen's long-standing favorable relationship with her  to support the determination that the ward's best interests required that Ms. Larsen, and not Mrs. Thorpe, act as her guardian. See, Comerford v. Cherry, 100 So.2d 385 (Fla. 1958); In re Guardianship of Davidson, 259 So.2d 762 (Fla. 1st DCA 1972). Compare, In re Castro, 344 So.2d 270 (Fla. 4th DCA 1977), cert. denied, 355 So.2d 513 (Fla. 1978), in which the court found no legally cognizable reason for departing from the statutory order of preference.
The other points do not present harmful error.
Affirmed.
NOTES
[1] Considerations in appointment of guardian. 
(1) The court may appoint any person who is qualified to act as guardian, whether related to the ward or not.
(2) The court shall give consideration to the appointment of:
(a) One of the next of kin of the incompetent who is a fit and proper person and qualified to act.
(b) Any person designated as guardian in any will in which the incompetent is a beneficiary.
(3) The court shall also:
(a) Consider the wishes expressed by the incompetent as to who shall be appointed guardian, and
(b) Give weight to the appointment of an individual, or corporation as described in s. 744.102(11), nominated by the incompetent prior to the filing of the petition for a finding of incompetency, if at the time of nomination:
1. The incompetent was 18 or more years of age and had sufficient mental capacity to make an intelligent choice, and
2. The nomination is contained in a writing signed by him in the presence of at least two attesting witnesses present at the same time... .