413 So.2d 787 (1982)
Harry A. AHLMAN, Guardian, Appellant,
v.
Alice F. WOLF, Appellee.
No. 81-1072.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Webster & Moorefield, Miami, for appellant.
Paul, Landy, Beiley & Metsch and Robert M. Sondak, Miami, for appellee.
Before SCHWARTZ and NESBITT, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
SCHWARTZ, Judge.
Upon the ward's petition for voluntary guardianship filed under Sec. 744.341, Fla. Stat. (1979), the appellant Ahlman was appointed guardian of Mary C. Hand, who was 95 years of age but was found to be competent at that time. Mrs. Hand's niece, Alice Wolf, then filed a petition to remove Ahlman as guardian. Before it was decided, Mrs. Hand suffered a severe stroke and indisputably became incompetent. The trial judge thereupon held that the voluntary guardianship had terminated and established an involuntary guardianship of Mrs. Hand pursuant to Sec. 744.331, Fla. Stat. (1979). Since Mrs. Wolf disclaimed her statutory right to preference, the court, at her request, appointed a bank and a local attorney as the guardians of Mrs. Hand's property and person, respectively. Ahlman appeals from these rulings but we find no merit in his assertions.
It is first of all clear that the voluntary guardianship was properly deemed to have come to an end when Mrs. Hand became incompetent. The entire basis of such a proceeding, as created by Sec. 744.341,[1] is the capacity of the ward, who is therefore *788 statutorily required to be "mentally competent," voluntarily to petition for its institution, to designate the guardian, and it necessarily follows, to secure the discontinuance of the guardianship at his request. Such a concept is completely inconsistent with incompetence, which negates any such ability to act. Thus, a voluntary guardianship of an incompetent person is simply a legal impossibility. For this reason, we reject Ahlman's contention that he should not have been replaced in the absence of a finding of any of the reasons for removing a guardian specified in Sec. 744.474, Fla. Stat. (1979).[2] His position is based on an entirely false premise. Ahlman was not "removed" as Mrs. Hand's voluntary guardian; instead, the voluntary guardianship terminated by operation of law when its indispensable, indeed jurisdictional, prerequisite, Mrs. Hand's competence, ceased to exist.
Nor did the trial court err in declining to appoint the appellant guardian of Mrs. Hand's person or property. Under Sec. 744.312, Fla. Stat. (1979),[3] Mrs. Hand's apparent wishes to that effect expressed in her petition for voluntary guardianship are entitled to consideration, Sec. 744.312(3)(a), but are far from controlling. On this record, we find no abuse of discretion in the appointment of guardians made below. Comerford v. Cherry, 100 So.2d 385 (Fla. 1958); In re Guardianship of Quindt, 396 So.2d 1217 (Fla. 3d DCA 1981); In re Guardianship of Davidson, 259 So.2d 762 (Fla. 1st DCA 1972); see, In re Castro, 344 So.2d 270 (Fla. 4th DCA 1977), cert. denied, 355 So.2d 513 (Fla. 1978). Ahlman's other claims present no error and call for no discussion.
Affirmed.
NOTES
[1] Voluntary guardianship. 
(1) Without adjudication of incompetency, the court shall appoint a guardian of the estate of a resident or nonresident person who, though mentally competent, is incapable of the care, custody, and management of his estate by reason of age or physical infirmity and who has voluntarily petitioned for the appointment. The petition shall be accompanied by a certificate of a licensed physician that he has examined the petitioner and that the petitioner is competent to understand the nature of the guardianship and his delegation of authority. Notice of hearing on any petition for appointment and for authority to act shall not be required, except that notice shall be given to the ward and to any person to whom the ward requests that notice be given. Such request may be made in the petition for appointment of guardian or in a subsequent written request for notice signed by the ward.
(2) Any guardian appointed under this section shall have the same duties and responsibilities as are provided by law as to guardians of property generally.
[2] Reasons for removal of guardian. 
A guardian may be removed for any of the following reasons, and the removal shall be in addition to any other penalties prescribed by law... .
[3] Considerations in appointment of guardian. 
(1) The court may appoint any person who is qualified to act as guardian, whether related to the ward or not.
(2) The court shall give consideration to the appointment of:
(a) One of the next of kin of the incompetent who is a fit and proper person and qualified to act.
(b) Any person designated as guardian in any will in which the incompetent is a beneficiary.
(3) The court shall also:
(a) Consider the wishes expressed by the incompetent as to who shall be appointed guardian, and
(b) Give weight to the appointment of an individual, or corporation as described in s. 744.102(11), nominated by the incompetent prior to the filing of the petition for a finding of incompetency... .