WARNER, Judge,
concurring specially.
I think the trial court did depart from the essential requirements of law in ordering a hearing on the continued necessity of the guardianship where the competent ward has evidenced her intention to terminate the voluntary guardianship. In Bryan v. Century National Bank, 498 So.2d 868 (Fla.1986), the Supreme Court recognized the right of the ward of a voluntary guardianship to terminate a voluntary guardianship at any time. Since a voluntary guardianship depends entirely upon the consent of its legally competent ward, see Ahlman v. Wolf, 413 So.2d 787 (Fla. 3d DCA 1982), it follows that when that consent is withdrawn the guardianship must terminate, whether or not the court determines in a hearing a “need to continue the guardianship.” In addition, although neither party pointed it out to the court, section 744.521, Florida Statutes (1987) providing for termination of a guardianship was amended effective October 1, 1989. While formerly that statute provided that upon termination the court could inquire into proof of “the need of the continuance of the guardianship” once the ward is deemed competent, that authority of the trial court to review the need for continuation of the guardianship was eliminated by the amendment. Thus, I conclude that the trial court departed from the essential requirements of law in refusing to vacate its order setting a hearing on the need for continuation of the guardianship.
Nevertheless, since any error in holding an unauthorized hearing can be remedied on plenary appeal, we cannot accept certio-rari jurisdiction on this appeal. It is clear from Martin-Johnson, Inc. v. Savage that the use of this extraordinary jurisdiction power should be very limited. The Supreme Court stated:
We emphasize, first of all, that common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders. Hawaiian Inn v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981); Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978). Generally, all other appellate review is postponed until the matter is concluded in the trial court.
509 So.2d at 1098 (footnote omitted).
However, all this discussion is probably moot, because the Florida Legislature has now enacted specific procedures regarding termination of voluntary guardianships. Senate Bill 2770, effective October 1, 1990, amends section 744.341, Florida Statutes (1989) to provide that a voluntary guardian *960 ship may be terminated simply by filing a notice of termination with the trial court with notice to all interested parties. Thus, there cannot thereafter be any argument that a legally competent ward has a right unilaterally to terminate a voluntary guardianship without interference or objection from other parties or even the court. This comports with Bryan.