686 So.2d 763 (1997)
Jessie Elizabeth DAVIS, Appellant,
v.
Sandra Lee KING, Appellee.
No. 96-0506.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
*764 Richard E. Gentry, St. Augustine, for Appellant.
Joseph L. Boles, Jr., St. Augustine, for Appellee.

ON MOTION FOR REHEARING
ANTOON, Judge.
Upon review of the appellant's motion for rehearing, we grant the motion, withdraw the prior opinion, and issue this opinion in its stead.
Jessie Elizabeth Davis appeals the trial court's orders determining incapacity and appointing a plenary guardian. She argues that the trial court abused its discretion in appointing the guardian. Specifically, the appellant contends that either she or her mother should have been appointed guardian because they had been previously designated guardians in the ward's preneed declaration. Substantial competent evidence exists to rebut the statutory presumption that the preneed guardians are entitled to serve as guardian in this matter. Accordingly, we affirm.
Appellee filed a "petition to determine incapacity" of 88-year-old Mary H. Masters. Appellant filed a petition to intervene pursuant to section 744.3045, Florida Statutes (1995), claiming that she should be appointed the plenary guardian because she had been previously designated guardian in Ms. Masters preneed declarations. Section 744.3045 provides in relevant part:
(4) Production of the declaration in a proceeding for incapacity shall constitute a rebuttable presumption that the preneed guardian is entitled to serve as a guardian. The court shall not be bound to appoint the preneed guardian if the preneed guardian is found to be unqualified to serve as guardian.
The trial court heard evidence regarding whom should be appointed guardian and found the appellant and her mother, Peggy Stauffer, unqualified due to conflicts of interest. The trial court's detailed findings of fact reveal that the appellant moved in with Ms. Masters in early 1995. In the months that followed, the appellant paid off the mortgage on her home using Ms. Master's money. She also purchased real property owned by Ms. Masters, valued at approximately $150,000, for $85,000. In purchasing the property, the appellant made a $100 down payment and obligated herself to pay the balance of the purchase price at 5¾% interest over fifteen years. During this time, personal property belonging to Ms. Masters disappeared and her bank account was depleted. The testimony established that each time money was withdrawn from her bank account, the appellant had accompanied Ms. Masters to the bank. In June of 1995, a preneed declaration was executed naming the appellant as the preneed guardian and Ms. Stauffer as the alternate *765 preneed guardian and in August of 1995 $2,500 was withdrawn from Ms. Master's account. These facts clearly establish that a conflict of interest existed, rendering appellant unqualified to serve as guardian.
With regard to Ms. Stauffer's qualifications to serve as preneed guardian, the trial court observed that Ms. Stauffer had driven the appellant to Ms. Masters' home when the appellant moved in with Ms. Masters and that Ms. Stauffer was sympathetic toward the appellant's medical problems. The trial court believed that, as guardian, Ms. Stauffer would not have pursued claims that the guardianship might have had against the appellant because of the close relationship between Ms. Stauffer and the appellant. Therefore, the trial court concluded that the appointment of appellant or Ms. Stauffer as guardian would have created a conflict of interest, rendering her unqualified.
The trial court's findings of fact are clearly supported by the evidence and are sufficient to rebut the statutory presumption that the appellant or Ms. Stauffer should be appointed guardian. Accordingly, the trial court was well within its discretion in refusing to appoint the appellant or her mother as the guardian of Ms. Masters, and in appointing the appellee to carry out the fiduciary responsibilities of a guardian.
Affirmed.
PETERSON, C.J., and THOMPSON, J., concur.