791 So.2d 1195 (2001)
Hugh TRELOAR, Appellant,
v.
Louise B. SMITH, Plenary Guardian, etc., Appellee.
No. 5D00-2709.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
*1196 Hugh Treloar, Essington, PA, Pro Se.
William L. Townsend, Jr. of Walton & Townsend, P. A., Palatka, for Appellee.
ORFINGER, R.B., J.
Hugh Treloar appeals an order appointing Louise B. Smith as plenary guardian of the person and property of Mary Frances Smart, his mother. He alleges that the trial court erred in denying his petition for appointment as his mother's guardian and granting the competing petition of Mrs. Smith, a professional guardian. Having reviewed the record carefully, we find no abuse of discretion by the trial court in its application of section 744.312, Florida Statutes (2000).[1]
*1197 "While the next of kin are given first consideration by section 744.312(2)(a), the statute does not mandatorily require that such an appointment be made. To the contrary, the statute specifically provides that `(t)he court may appoint any person who is qualified ... whether related to the ward or not.'" In re Guardianship of Quindt, 396 So.2d 1217, 1218 (Fla. 3d DCA 1981). The record before us contains competent evidence to support the trial court's decision to appoint a nonrelative as Mrs. Smart's guardian.
On appeal, we will not reverse the trial court's ruling unless an abuse of discretion is clearly demonstrated. Ahlman v. Wolf, 413 So.2d 787 (Fla. 3d DCA 1982). The court's ruling on discretionary matters will be sustained unless no reasonable person would take the view adopted by the court. Quince v. State, 732 So.2d 1059, 1062 (Fla.1999). We also find no merit in the remaining points on appeal.
AFFIRMED.
SHARP, W., and PLEUS, JJ., concur.
NOTES
[1] Section 744.312 provides:

744.312.Considerations in appointment of guardian
(1) Subject to the provisions of subsection (4), the court may appoint any person who is fit and proper and qualified to act as guardian, whether related to the ward or not.
(2) The court shall give preference to the appointment of a person who:
(a) Is related by blood or marriage to the ward;
(b) Has educational, professional, or business experience relevant to the nature of the services sought to be provided;
(c) Has the capacity to manage the financial resources involved; or
(d) Has the ability to meet the requirements of the law and the unique needs of the individual case.
(3) The court shall also:
(a) Consider the wishes expressed by an incapacitated person as to who shall be appointed guardian;
(b) Consider the preference of a minor who is age 14 or over as to who should be appointed guardian;
(c) Consider any person designated as guardian in any will in which the ward is a beneficiary.
(4) If the person designated is qualified to serve pursuant to s. 744.309, the court shall appoint any standby guardian or preneed guardian, unless the court determines that appointing such person is contrary to the best interests of the ward.
§ 744.312, Fla. Stat. (2000).