958 So.2d 952 (2007)
Michael MILLER and Constance Fanning, Appellants,
v.
Merrily GOODELL, Margaret B. Libbey and Michael J. Swan, Appellees.
Nos. 4D06-711, 4D06-712.
District Court of Appeal of Florida, Fourth District.
April 25, 2007.
Rehearing Denied July 10, 2007.
*953 E. Steven Lauer of E. Steven Lauer, P.A., Vero Beach, for appellants.
Diran V. Seropian and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Michael J. Swan of Rossway, Moore & Taylor, Vero Beach, for appellee Michael J. Swan.
Diran V. Seropian and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellee Margaret B. Libbey.
Canda B. Brown of Jackson, Barkett & Brown, Vero Beach, for appellee Merrily Goodell.
PER CURIAM.
This is an appeal from two final orders of the trial court finding Audrey Miller totally incapacitated and appointing Michael J. Swan, Esquire (Swan), as plenary guardian of the person and property of Audrey. Appellants raise numerous points on appeal. We affirm on all points and choose to discuss two issues which constitute the crux of the appeal. The first is whether the trial court had personal jurisdiction over Audrey Miller. The second is whether the trial court should have honored Audrey's preneed Guardianship Declaration appointing her sister, Constance Fanning (Fanning), as her guardian of person and property, instead of attorney Swan.
Merrily Goodell, Audrey's daughter, filed a petition seeking to have Audrey declared incapacitated and to be appointed Audrey's guardian. Margaret Libbey (Libbey) was appointed temporary guardian, and Swan served as Libbey's attorney. Audrey's sister, Fanning, filed a petition seeking to be appointed Audrey's guardian. The trial court denied Fanning's petition and appointed Swan as guardian. Appellants argue that the trial court did not have personal jurisdiction over Audrey, that it violated her right to due process, and it erred when it did not honor Audrey's preneed Guardianship Declaration.
Personal jurisdiction refers to whether a particular court has legal authority over the respondent or defendant. See Borden v. East-European Ins. Co., 921 So.2d 587, 591 (Fla.2006). Personal *954 jurisdiction is a personal right, and a respondent may consent to personal jurisdiction. See Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998).
A review of the record reflects that Gary Kovacs, Esquire, the attorney representing Audrey, consulted with her and obtained her agreement to consent to the jurisdiction of the court. Audrey's temporary guardian also consented to the jurisdiction of the court. Therefore the trial court did not err in concluding that it had personal jurisdiction over Audrey in order to resolve this guardianship matter.
In addition to challenging the trial court's jurisdiction, appellants contend the trial court erred in refusing to appoint Fanning as Audrey's plenary guardian because Audrey had executed a preneed guardian declaration naming Fanning as Audrey's alternate preneed guardian. This argument fails for the following reasons: (1) Audrey and her attorneys agreed to the appointment of a neutral professional guardian; and (2) the trial judge determined that the rebuttable presumption that Fanning is entitled to serve as guardian had been overcome, and that it is not in Audrey's best interests for Fanning to be appointed plenary guardian.
Appellants contend the standard of review on this issue is de novo. However, the appellate courts have consistently held the standard of review in guardianship proceedings is abuse of discretion. See, e.g., In re Guardianship of Sapp, 868 So.2d 687 (Fla. 2d DCA 2004); In re Guardianship of Schiavo, 851 So.2d 182, 186 (Fla. 2d DCA 2003), rev. denied, 855 So.2d 621 (Fla.2003). This discretion is abused when no reasonable person would take the view adopted by the trial court. Wilson v. Robinson, 917 So.2d 312 (Fla. 5th DCA 2005) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)).
In this case appellants have failed to establish the trial court abused its discretion. Section 744.3045(4), Florida Statutes (2005), provides in pertinent part: "Production of the declaration in a proceeding for incapacity shall constitute a rebuttable presumption that the preneed guardian is entitled to serve as guardian." The trial judge considered the evidence presented but found the rebuttable presumption of the appointment of the designated preneed guardian had been overcome. In conjunction with finding the rebuttable presumption had been overcome, the trial court also considered the application of section 744.312(4), Florida Statutes (2005), which provides:
If the person designated is qualified to serve pursuant to s. 744.309, the court shall appoint any standby guardian or preneed guardian, unless the court determines that appointing such person is contrary to the best interests of the ward.
The trial court specifically found that it was contrary to Audrey's best interests to appoint Fanning as plenary guardian of the person and property.
Affirmed.
STEVENSON, C.J., HAZOURI and MAY, JJ., concur.