LAGOA, J.
 

 The appellants, Marianne Magill Acuna and Marilyn Magill (“appellants”), appeal an order of the probate court appointing the appellee, Jack Dresner (“Dresner”), as plenary guardian for their mother. They also appeal an order granting attorney’s fees to the attorney
 
 ad litem,
 
 appellee Hung V. Nguyen (“Nguyen”), and an order denying a motion for disqualification of the trial judge. We affirm both the order granting attorney’s fees to Nguyen and
 
 *998
 
 the order denying the motion for disqualification.
 
 [1]
 
 However, because there was insufficient evidence to rebut the statutory presumption that the designated preneed guardian is entitled to serve as guardian, we reverse the order appointing Dresner plenary guardian.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 The ward, Shirley Magill (“Shirley”), has three daughters: the appellants, Marianne Magill Acuna and Marilyn Magill, and Maureen Tew (“Maureen”). Maureen is married to the petitioner below, Jeffrey Tew (“Tew”). On June 23, 2006, Shirley executed a Declaration Naming Preneed Guardian (the “Declaration”), which stated in relevant part:
 

 If I am determined at any time to be incapacitated, as that term is defined in the Florida Guardianship Law as it now exists or may hereafter be amended, I declare that my three (3) children MARIANNE ACUNA, MARILYN MAGILL, AND MAUREEN TEW, together, or the survivor thereof, are to serve as guardian of my person and property, to exercise all delegable legal rights and powers and to perform all the tasks necessary to care for me and my property. If none of my children are able or willing to serve as Guardian of my person and property, for any reason, then I appoint my son-in-law, JEFFREY TEW, to act as Guardian of my person and property.
 

 Subsequently, on May 12, 2009, Tew fried a petition to determine incapacity seeking the appointment of a guardian of the property of Shirley. Tew later fried a motion to amend, seeking the determination of Shirley’s total incapacity and the appointment of a plenary guardian.
 

 At the hearing on the petition, the probate court heard testimony from the examining committee concerning Shirley’s mental capacity. Additionally, Tew presented evidence that the appellants and Maureen were in disagreement as to Shirley’s living arrangement: the appellants sought to rotate caring for their mother in each of the daughters’ homes, while Maureen believed that Shirley should remain in her home and be cared for by medical aides. At the conclusion of the hearing, the probate court found Shirley to be incapacitated and, at the suggestion of Tew, appointed Dresner, Shirley’s long-time accountant, as her plenary guardian.
 
 [2]
 
 The probate court appointed Dresner, rather than Shirley’s daughters, because it was under the im
 
 *999
 
 pression that the Declaration required them to be in agreement in order to serve as guardian. Specifically, the probate court found that the Declaration “named the three daughters to act in unison” and ruled that “[t]he three daughters being in deadlock, they cannot be appointed as co-guardians. The assets of Shirley Magill will dissipate very quickly if the three daughters have to come to court on most issues to be resolved.” The probate court was under the impression that the Declaration required the three daughters to act in unison because of representations made by Tew concerning the contents of the Declaration. It is undisputed that at the time of the hearing neither Tew nor Nguyen had filed the Declaration with the probate court. The appellants appeal from the order appointing Dresner as plenary guardian, arguing that the probate court erred in disregarding Shirley’s Declaration that her daughters serve as her guardian.
 

 II.
 
 ANALYSIS
 

 As this Court has previously stated, “[w]here a ward’s preference as to the appointment of a guardian is capable of being known, that intent is the polestar to guide probate judges in the appointment of their guardians.”
 
 Estate of Salley v. Comprehensive Pers. Care Servs., Inc.,
 
 742 So.2d 268 (Fla. 3d DCA 1997). Moreover, Florida’s preneed guardian statute, section 744.3045, Florida Statutes (2009), provides for a statutory rebuttable presumption in favor of the designated preneed guardian serving as guardian. That statute states in relevant part:
 

 (4) Production of the declaration in a proceeding for incapacity shall constitute a rebuttable presumption that the pre-need guardian is entitled to serve as guardian. The court shall not be bound to appoint the preneed guardian if the preneed guardian is found to be unqualified to serve as guardian.
 

 The probate court is not bound to appoint the designated preneed guardian as guardian when that preneed guardian is found to be unqualified to serve. § 744.3045(4);
 
 see also Estate of Salley,
 
 742 So.2d at 271 (“A ward’s nominee, of course, may be rejected when unfit or unsuitable, or for other like reasons.”);
 
 Davis v. King,
 
 686 So.2d 763 (Fla. 5th DCA 1997) (holding that designated preneed guardian unqualified to serve as guardian where conflict of interest existed).
 

 An appellate court reviews a probate court’s appointment of a guardian under an abuse of discretion standard.
 
 See Miller v. Goodell,
 
 958 So.2d 952 (Fla. 4th DCA 2007);
 
 Treloar v. Smith,
 
 791 So.2d 1195 (Fla. 5th DCA 2001);
 
 Ahlman v. Wolf
 
 413 So.2d 787 (Fla. 3d DCA 1982). Accordingly, where the ward has designated a preneed guardian in a written declaration, as Shirley did in this case, the rebuttable presumption in favor of that designated preneed guardian serving as guardian may only be overcome by substantial, competent evidence.
 
 See Miller,
 
 958 So.2d at 952 (holding that the trial court did not abuse its discretion in finding that rebuttable presumption of the appointment of the designated preneed guardian had been overcome);
 
 Davis,
 
 686 So.2d at 763 (holding that substantial competent evidence existed to rebut the statutory presumption that designated preneed guardians are entitled to serve as guardians);
 
 cf. Morris v. Knight,
 
 1 So.3d 1236 (Fla. 4th DCA 2009) (stating rule that probate court’s determination regarding the appointment of a guardian must be founded on substantial competent evidence);
 
 In re Guardianship of Sitter,
 
 779 So.2d 346 (Fla. 2d DCA 2000) (same).
 

 We find that the probate court abused its discretion in appointing Dresner as Shirley’s plenary guardian. First, the
 
 *1000
 
 probate court failed to properly consider the Declaration prior to appointing Dres-ner. It is undisputed that the Declaration was not filed with the probate court until June 24, 2009, eight days after the hearing on the petition. Therefore, the probate court did not have the Declaration before it when it concluded that the Declaration required all three daughters to act in unison as guardian. Instead, the probate court based its conclusion on representations made by Tew concerning the Declaration as well as other testamentary documents Shirley executed. This was error.
 

 Second, contrary to the probate court’s belief, the Declaration is clear that it is Shirley’s wish that in the event of her incapacitation her three daughters are to serve as her guardian. The probate court did not make a factual finding that any of the daughters was unqualified, unwilling, or unable to serve as guardian. Rather, the probate court based its conclusion on a belief that the Declaration required them to act in unison, and that because one of the sisters, Maureen, was not in agreement with the appellants concerning their mother’s living arrangement, she could not appoint all three to serve as guardian. Because the Declaration does not require unanimity among the daughters in order to be appointed or serve as guardian, this conclusion was also erroneous.
 

 Finally, there was no evidence that the appointment of the daughters as guardian would not be in Shirley’s best interest. The record reveals simply that the appellants and Maureen are in disagreement concerning one aspect of their mother’s life — her living arrangement. As already explained, the Declaration does not require that they be in agreement on all aspects of their mother’s life or care. Because Dres-ner and Nguyen agreed with Maureen’s proposal for her mother’s living arrangement and the probate court ultimately appointed Dresner as plenary guardian, the probate court’s ruling has the effect of allowing the minority of the designated preneed guardians to control the majority. This result, however, is contrary to the plain language of the Declaration, which clearly allows for decisions concerning guardianship matters to be made by majority rule rather than minority. Additionally, the probate court’s finding that Shirley’s assets will “dissipate very quickly” because the appellants and Maureen cannot agree on this one aspect of their mother’s life has no basis in fact in the record.
 

 For the above reasons, the record lacks substantial competent evidence to overcome the statutory presumption that the designated preneed guardians, as set forth in Shirley’s Declaration, are entitled to serve as her plenary guardian. Accordingly, we reverse the order on appeal appointing Dresner the plenary guardian and reverse with directions to the probate court to appoint all three daughters, the appellants and Maureen, as the plenary guardian of their mother, Shirley.
 

 This opinion will take effect immediately notwithstanding the filing of any motion for rehearing.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 [1]
 

 . Concerning the appellants' claim that the trial court erred when it awarded attorney’s fees to Nguyen, we find that the appellants lack standing to challenge the order.
 
 See Hayes v. Guardianship of Thompson,
 
 952 So.2d 498 (Fla.2006) (holding that family members of the ward do not have standing to participate in guardianship proceedings concerning attorney's fees under section 744.108, Florida Statutes (2009), unless they have filed a written Request for Notice under Florida Probate Rule 5.060). We also affirm the order denying the motion for disqualification because the motion was untimely.
 
 See
 
 Fla. R. Jud. Admin 2.330(e) ("A motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion....");
 
 J.M.P.U. v. Dep't of Children & Family Servs.,
 
 862 So.2d 752 (Fla. 3d DCA 2003).
 

 [2]
 

 . Dresner, who had been acting as the emergency temporary guardian of Shirley’s property, expressed reservations about being the guardian of Shirley’s person. At the hearing, he stated, among other things: "In terms of being her guardian for her person I have some reservations about that. I'm an accountant by profession and I don’t know if I could be the — an adequate or good guardian of her person at this point in time.” The trial court instructed Dresner to refer to the appellants and Maureen and to try to act in a way with which all of the sisters would agree, or to hire a case manager.