# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2076
Lower Tribunal No. 20-13023
_____

**Strybuc Replacement Hardware, LLC,**
Appellant,

vs.

**Window Parts Warehouse, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

The Kobak Law Firm, P.A., and Paul L. Kobak, for appellant.

Rosenberg & Cummings, PLLC, and Marc Edward Rosenthal, and Casey Ryan Cummings (Ft. Lauderdale); Cowen Edwards, PLLC, and Paul David Edwards (Ft. Lauderdale), for appellee.

Before LOGUE, C.J., and FERNANDEZ, and LINDSEY, JJ.

PER CURIAM.

Appellant, Strybuc Replacement Hardware, LLC, appeals a Final Judgment in favor of Appellee, Window Parts Warehouse, Inc., and an order denying Strybuc's Motion for New Trial. Strybuc argues that the trial court's sua sponte interference with the impeachment of a witness constitutes reversible error. See Ruchimora v. Grullon, 307 So. 3d 95, 97 (Fla. 3d DCA 2020) ("We review the denial of a motion for new trial and a trial court's evidentiary rulings for abuse of discretion."). We disagree.

Generally, it is not the role of a trial judge in a civil case to make objections for the opposition; rather, a trial judge should remain a neutral umpire. See Fla. Power & Light Co. v. Velez, 365 So. 3d 1194, 1198 (Fla. 3d DCA 2023) ("A trial judge crosses the line when he becomes an active participant in the adversarial process . . . ." (quoting Great Am. Ins. Co. v. 2000 Island Blvd. Condo. Ass'n, Inc., 153 So. 3d 384, 388 (Fla. 3d DCA 2014))). Here, however, we do not find reversible error based on the record before us. See E.R. Squibb & Sons, Inc. v. Farnes, 697 So. 2d 825, 826 (Fla. 1997) ("[The] 'abuse of discretion' standard is highly deferential . . . ."); In re Doe, 325 So. 3d 99, 100 (Fla. 5th DCA 2019) (holding that, because "[t]he abuse of discretion standard is highly deferential . . . the order must be affirmed unless 'no reasonable person would take the view adopted by the court'" (quoting Treloar v. Smith, 791 So. 2d 1195, 1197 (Fla. 5th DCA 2001))).

Affirmed.